Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Karen E. Nutter, CA Bar No.235056
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-4773
Fax: (602) 640-5009
Emails: mary.oneill@eeoc.gov
sally.shanley@eeoc.gov
karen.nutter@eeoc.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MRS ASSOCIATES,<br><br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and provide appropriate relief due to Lisa Kradel and a class of women as a result of such unlawful practices. It is also an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to female employees at rates less than the rates paid to male employees, and to provide appropriate relief due to Lisa Kradel as a result of such unlawful practices. The Commission alleges that MRS Associates (hereinafter "Defendant") discriminated against Lisa Kradel and a class of women by subjecting them

to a sexually hostile work environment. The Commission further alleges that Defendant discriminated against Ms. Kradel by terminating her for complaining about the sexually hostile work environment. The Commission further alleges that Defendant discriminated against Ms. Kradel by paying her at a wage rate less than the rate paid to her male successor, who performed substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, Phoenix Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Equal Pay Act, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1); and (3)Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant MRS Associates has continuously been a New Jersey corporation doing business in the State of Arizona and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## **STATEMENT OF TITLE VII CLAIMS**

8. More than thirty days prior to the institution of this lawsuit, Lisa Kradel filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June 2002, Defendant Employer has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful employment practices include, but are not limited to, subjecting Ms. Kradel and a class of women to harassment because of their sex, female, which created a hostile work environment.

10. Since at least August 1, 2003, Defendant Employer has engaged in unlawful employment practices in violation of Section 703(a)(1) and (h) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (h), by paying wages to Ms. Kradel at a rate less than the rate paid to her male successor.

11. Since at least August 22, 2003, Defendant Employer has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Ms. Kradel by discharging her from her employment after she made complaints about the hostile work environment.

12. The effect of the practice(s) complained of in paragraphs 9 through 11 has been to deprive Lisa Kradel and a class of women of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

13. The unlawful employment practices complained of in paragraphs 9 through 11 were intentional.

14. The unlawful employment practices complained of in paragraph 9 through 11 were done with malice or with reckless indifference to the federally protected rights of Ms. Kradel and a class of women.

## STATEMENT OF EPA CLAIMS

15. Since at least August 1, 2003, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Lisa Kradel, a regional vice president, at a rate less than the rate paid to her male successor for substantially equal work in a position performed under similar working conditions at the same establishment.

16. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Lisa Kradel.

17. The unlawful employment practice complained of in paragraph 15 was willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from

engaging in the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

  C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted or participated in an investigation or proceeding under Title VII or the Equal Pay Act.

  D. Order Defendant to make whole Lisa Kradel by providing backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement.

  E. Order Defendant to make whole Lisa Kradel and a class of women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 9 above, and make whole Lisa Kradel by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10 and 11, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Lisa Kradel and a class of women by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, and make whole Lisa Kradel by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10 and 11, including but not limited to

emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant Employer to pay Lisa Kradel and a class of women punitive damages for its malicious and/or reckless conduct described in paragraph 9 above, and pay Lisa Kradel punitive damages for its malicious and/or reckless conduct described in paragraphs 10 and 11, in an amount to be determined at trial.

H. Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Lisa Kradel, whose wages are being unlawfully withheld as a result of the acts complained of above.

I. Grant such further relief as this Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 31st day of August, 2006.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
1801 L Street, NW
Washington, D.C.  20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

                    <u>s/ Sally C. Shanley</u>
SALLY C. SHANLEY
Acting Supervisory Trial Attorney

<u>s/ Karen E. Nutter</u>
KAREN E. NUTTER
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff