**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MRS ASSOCIATES, INC.,<br><br>　　　　Defendant. | No.: CIV 06-2099-PHX-SMM<br><br>Order |

　　Pending before the Court is the parties' Joint Stipulation Re: Settlement. (Dkt. 41).  Good cause appearing,

　　**IT IS HEREBY ORDERED APPROVING** the parties' Joint Stipulation Re: Settlement.  (Dkt. 41)

　　**IT IS FURTHER ORDERED** that the parties shall abide by the terms of the attached Settlement Agreement.  The Court shall retain jurisdiction over any action to enforce the Settlement Agreement for eighteen months following the entry of this Order provided, that upon application by the Commission and good cause showing, the Court may extend the duration of its jurisdiction of this action to enforce compliance with the Settlement Agreement as set forth in the agreement.

*//*

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**, with each party to bear its own costs and attorneys' fees incurred in this action as of the date of the entry of this order.

Dated this 21st day of August, 2007.

Stephen M. McNamee
United States District Judge

**SETTLEMENT AGREEMENT**

**INTRODUCTION**

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed its Complaint against MRS Associates, Inc. ("Defendant" or "MRS") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq*. (EPA). The EEOC alleged in the Complaint that MRS discriminated against Lisa Kradel and class member Alana Chavez on the basis of their sex by subjecting them to sexual harassment. The Commission also alleged Defendant retaliated against Ms. Kradel by firing her after she complained about the harassment and that Defendant violated Title VII and the EPA by paying Ms. Kradel lower wages than her male successor.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by this Settlement Agreement. The parties do not object to the jurisdiction of the Court over this action.

1. This Settlement Agreement resolves all claims of the Commission against Defendant, including compensatory and punitive damages, liquidated damages, interest and injunctive relief.

2. The parties agree that the Court has jurisdiction over the parties and the subject matter of this Action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e *et seq.* and Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq*.

3. Unless otherwise specified, any reference to Defendant in this Settlement Agreement refers to the Defendant's Arizona location(s), only.

4. This Settlement Agreement and its terms shall not be construed as an admission of liability whatsoever on the part of MRS Associates, Inc., by whom liability

is and always has been denied. This agreement is made solely in compromise and settlement of disputed claims.

### INJUNCTION

5. Defendant, and its successors and assigns, and all persons in active concert or participation with it, both at the time that this Settlement Agreement becomes effective and for the duration of this Settlement Agreement, are enjoined from: (a) sexually harassing any employee; (b) paying lower wages to any employee based on sex; and (c) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates, or participated in an investigation or proceeding brought under the federal and state laws prohibiting discrimination or retaliation. Nothing in this Injunction shall alter the process or procedures by which charges of discrimination or retaliation against defendant, if any, are processed and investigated.

### MONETARY RELIEF

6. Defendant shall pay the gross sum of $157,500.00 ("Settlement Amount") in damages as full settlement of all of the claims made in this lawsuit. Out of this amount, $127,500.00 will be allocated to Ms. Kradel and $30,000.00 to Ms. Chavez. It is agreed that the funds paid pursuant to this Settlement Agreement shall be designated as compensatory damages.

7. Defendant will not condition the receipt of individual relief on Ms. Kradel's or Ms. Chavez's agreement to (a) maintain as confidential the terms of this decree, or (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency.

8. Defendant shall pay the settlement amounts specified in paragraph six (6) of this Settlement Agreement to Ms. Kradel and Ms. Chavez in immediately negotiable

funds within ten (10) days of entry of this Settlement Agreement at addresses provided by the Commission.

9.  Defendant shall issue United States Internal Revenue Service Form 1099 to Ms. Kradel and Ms. Chavez for amounts designated as compensatory damages for the tax year during which payment is made.

10. Within five business days of the issuance of the settlement monies, Defendant shall submit copies of the payment to Ms. Kradel and Ms. Chavez and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

## NOTICE

11. Within thirty (30) days of the entry of this Settlement Agreement, Defendant shall post the Notice attached as Exhibit A in a prominent place frequented by its employees at its facilities located in the state of Arizona. The Notice shall remain so posted for eighteen months. The Notice shall be the same type, style and size as set forth in Attachment A to this Settlement Agreement.

## OTHER RELIEF

12. Defendant agrees to carry out policies and practices at its facilities in the state of Arizona that help assure a work environment free from sexual harassment and wage discrimination and that allows employees to raise concerns, or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII and the EPA.

13. Within thirty (30) days of the entry of this Settlement Agreement, Defendant shall establish and maintain a written policy that prohibits discrimination based on gender, including sexual harassment and wage discrimination, as well as a policy against retaliation. This policy shall be circulated to all of Defendant's employees within thirty (30) days. These written policies must include at a minimum:

    A. A strong and clear commitment to a workplace free of wage discrimination and unlawful termination based on sex;

    B. A clear and complete definition of wage discrimination and unlawful termination based on sex;

    C. A statement that wage discrimination and unlawful termination based on sex is prohibited and will not be tolerated;

    D. A clear and strong encouragement of persons who believe they have been subjected to wage discrimination or unlawful termination based on sex to come forward;

    E. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees who have been subjected to sexual harassment, wage discrimination or retaliation, can report the unlawful conduct, including a written statement that employees may report the unlawful conduct to designated persons outside of their chain of management. The statement shall explain that, should a non-English speaking employee seek to report sexual harassment, wage discrimination or retaliation, Defendant shall retain an interpreter for purposes of taking the report and further communicating with the employee about the reported incidents;

    F. An assurance that Defendant will investigate allegations of sexual harassment, wage discrimination and retaliation promptly, fairly, reasonably and effectively, using appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct.

    G. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

    H. A promise of maximum feasible confidentiality for persons who believe that they have been subjected to sexual harassment, wage discrimination or retaliation;

I.      An assurance of non-retaliation for persons who believe they have been subjected to sexual harassment, wage discrimination or retaliation, and for witnesses.

14.     These policies shall be distributed to each of Defendant's current employees within ninety (90) days of the entry of this Settlement Agreement. These policies shall be distributed to all new employees of Defendant when hired and reissued to each employee once a year for the term of this Settlement Agreement. These policies also shall be posted in a prominent place frequented by the employees.

15.     Defendant shall promptly and appropriately investigate all complaints by its employees of sexual harassment, wage discrimination and retaliation. The investigation must include a finding of whether the alleged conduct occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make victims of the unlawful conduct whole, to discipline those who engaged in the unlawful conduct, and to eradicate the unlawful conduct.

16.     Defendant shall not retain documents related to the investigation of complaints of sexual harassment, wage discrimination or retaliation in any of the complainant's personnel files. All disciplinary actions taken against employees for violation of Defendant's policies regarding sexual harassment, wage discrimination or retaliation, shall be retained in the wrongdoer's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall be retained in an investigation file.

17.     Within ninety (90) days from the entry of this Settlement Agreement, Defendant agrees to provide training to its employees, supervisors and managers of its facilities in the state of Arizona on sexual harassment, wage discrimination and retaliation, according to the following terms:

>   A. Defendant shall retain and pay a consultant/lecturer who shall provide training to its employees located in Arizona or any

other employee with Human Resources responsibility for Defendant's Arizona location(s) for a period of eighteen months from the date of this Settlement Agreement, on the issues of sexual harassment, wage discrimination and retaliation.

B. During the eighteen months, the consultant/lecturer shall conduct one live training seminar that will be videotaped by a qualified videographer. All of Defendant's Arizona employees and supervisors, both managerial and non-managerial, shall attend the live seminar or a videotaped showing of the live seminar within 120 days from the date of this Settlement Agreement. Top management of the Arizona office shall attend the live seminar. In addition, Defendant's top national management officials, including its Owners, President, and Human Resources officials with responsibility for the Arizona location(s), shall attend the live seminar. New employees shall view the videotape within thirty (30) days of commencing employment. Defendant may have duplicative videotaped seminars to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicative seminars.

C. Defendant shall obtain the EEOC's approval of the consultants/lecturers selected by Defendant to provide the training described above. At least thirty (30) days prior to the proposed training seminar, Defendant shall submit the name(s), address(es), telephone number(s) and resume(s) of the proposed consultant/lecturer(s), together with the dates of the proposed training seminar and an outline of the contents of the training, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided in paragraph ten above. The Commission shall have fifteen (15) days from the date of receipt of the information described above to accept or reject the proposed

consultant/lecturer(s) and/or the contents of the seminar. In the event the Commission does not approve the designated consultant/lecturer(s) and/or the contents of the training, the Commission shall designate the consultant/lecturer at a cost not to exceed $5,000 per seminar, which shall be paid by Defendant.

D. The training seminars shall be no less than two hours, plus fifteen to thirty minutes of questions and answers. All of Defendant's employees shall register when they attend a training seminar. The registry of attendance shall be retained by Defendant for three years.

E. The seminars shall include: (1) the subject of what constitutes sexual harassment and wage discrimination; (2) the subject of what constitutes retaliation for engaging in a protected activity under Title VII of the Civil Rights Act of 1964; and (3) to whom and by what means employees may complain if they feel they have been discriminated against based on sexual harassment, wage discrimination and/or retaliation. The seminar shall also review and explain Defendant's policies set out in paragraph thirteen of this Settlement Agreement.

F. The Commission shall have the right to view a copy of the videotaped live training seminar.

18. To the extent necessary, Defendant shall expunge from the personnel files of Ms. Kradel and Ms. Chavez (a) all references to the charges of discrimination filed against Defendant that formed the basis of this action; (b) all references to Ms. Kradel's and Ms. Chavez's participation in this action.

19. Within ten (10) business days after the Entry of this Settlement Agreement, Defendant shall provide Ms. Kradel and Ms. Chavez with neutral letters of reference addressed "To Whom it May Concern." In these letters, Defendant shall provide,

pursuant to Defendant's standard policy, Mss. Kradel's and Chavez's dates of employment with Defendant, last title held with Defendant, and last rate of pay. The letter will also state that if a reference is needed to contact Jeff Freedman and it will provide his contact information. Mss. Kradel and Chavez will direct any future employer who needs a reference for Ms. Kradel or Ms. Chavez to Jeff Freedman, who will be solely responsible for handling such request.

### REPORTING BY DEFENDANT AND ACCESS BY EEOC

20. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph ten above, beginning six months from the date of the entry of this Settlement Agreement, and one year thereafter, the following information:

    a) Copy of the revised policies required in paragraph thirteen of this Settlement Agreement.

    b) Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subjects of unlawful discrimination based on sexual harassment, wage discrimination and/or retaliation.

    c) The name, address, position, social security number, and telephone number of any individual who has brought allegations, whether formal or informal, of sexual harassment, wage discrimination and/or retaliation for engaging in a protected activity against Defendant's personnel including, but not limited to, management officials and/or non-management employees. The nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any, also shall be specified.

    d) The registries of persons attending the training seminars required in paragraph 17(d) of this Settlement Agreement and a list of current personnel employed by Defendant on the days of the seminar training sessions.

    e) Confirmation that (1) the Notice required in paragraph eleven of this Settlement Agreement was posted in English, and the locations where it was posted; (2)

the policies required in paragraph thirteen were distributed to each current and new employee of Defendant, and posted.

21. The Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's Arizona premises and work sites to ensure compliance with this Settlement Agreement.

### PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

22. In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Settlement Agreement, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel and the corporate officer who sign this Settlement Agreement on Defendant's behalf, or to his or her successor, and afford Defendant forty-five days after service of the notice to remedy the non-compliance.

23. If Defendant has not remedied the alleged non-compliance in forty-five (45) days after service of notice, the EEOC may petition this Court to enforce the terms of the Settlement Agreement at any time during its duration.

24. In the event the Court finds that Defendant has violated this Settlement Agreement, as evidenced by a final judgment against Defendant, the Court may order reasonable relief to remedy the non-compliance, including attorneys' fees, daily fines, appropriate injunctive relief, and extension of this Settlement Agreement for such period as may be necessary to remedy its non-compliance.

### COSTS AND DURATION

25. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Settlement Agreement.

26. The duration of this Settlement Agreement shall be eighteen months from its entry. This Court shall retain jurisdiction over this action for the duration of the Settlement Agreement, during which the Commission may petition this Court for compliance with this Settlement Agreement. Should the Court determine that Defendant has not complied with this Settlement Agreement, the Court may order appropriate relief,

including extension of this Settlement Agreement for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

27. In the event Defendant is in non-compliance with any provision of this Settlement Agreement, and the Commission petitions the Court to order Defendant to comply, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Settlement Agreement, if ordered.

28. Absent extension, this Settlement Agreement shall expire by its own terms at the end of eighteen months from the date of entry without further action by the Parties.